Opinion filed July 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00381-CR

                                                    __________

 

                                 JESSE
TREVISO DIAZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 17386B

 



 

M
E M O R A N D U M   O P I N I O N

Jesse
Treviso Diaz appeals from his conviction for the offense of aggravated sexual
assault of a child, following his open plea of guilty before the court.  The
trial court assessed his punishment at life imprisonment in the Texas
Department of Criminal Justice, Institutional Division.  The trial court limited
his right of appeal to punishment only.  In two issues, Diaz contends that the
fact that the presentence investigation report was not included in the record
violates his due process rights under Article I, section 13 of the Texas
Constitution and Article 1.04 of the Texas Code of Criminal Procedure[1]
and also under the Due Process Clause contained in the Fifth Amendment to the
United States Constitution.  We affirm.

            Following
Diaz’s open plea to the offense of aggravated sexual assault of a child, the
trial court assessed his punishment at life imprisonment in the Texas
Department of Criminal Justice.  After Diaz entered his plea, the trial court
ordered a presentence investigation.  The presentence investigation report was
subsequently completed.  Counsel for Diaz acknowledged that he had received a
copy and had gone over it with his client.  After hearing witnesses at the
disposition hearing, the trial court assessed Diaz’s punishment at life
imprisonment in the Texas Department of Criminal Justice, Institutional
Division.  The presentence investigation report was neither offered nor
admitted into evidence at trial, and it is not included in the record on appeal.

Inclusion
of the presentence investigation report in the record is not automatic. 
See Taylor v. State, No. 11-10-00114-CR, 2011 WL 6811126 (Tex.
App.—Eastland Dec. 22, 2011, no pet.) (mem. op., not designated for
publication); 43A George E. Dix &
John M. Schmolesky, Texas Practice: Criminal Practice and Procedure § 46:123
(2011) (defense counsel should include the PSI in the record if the
material in the PSI is in dispute).  Furthermore, to be included in the record
on appeal, it must be specified in a written designation filed with the
district clerk.  Tex. R. App. P.
34.5(b)(1), (c)(1).  Counsel for Diaz could have taken steps necessary to have
the presentence investigation report included as part of the record.  Nothing
in the record shows that the presentence investigation report was excluded from
the record despite a proper request that it be included, nor does Diaz make
such a suggestion.  We hold that, if Diaz had a due process right to have the
presentence investigation report included in the record, he waived that right
by not requesting that it be included.  We overrule Issues One and Two.

The
judgment of the trial court is affirmed.

 

July 19, 2012                                                                           PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[2]









[1]Tex. Code Crim. Proc. Ann. art. 1.04 (West 2005).

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.